Stuart J. Miller (SJM 4276)
**LANKENAU & MILLER, LLP**
1775 Broadway, Suite 610
New York, NY 10019
Tel: (212) 581-5005
Email: SJM@lankmill.com

Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
J. Cecil Gardner (GARDJ3461)
**THE GARDNER FIRM**
1119 Government Street
Post Office Drawer 3103
Mobile, AL 36652
Tel: (251) 433-8100
Email: molsen@thegardnerfirm.com
vmccrary@thegardnerfirm.com
cgardner@thegardnerfirm.com

Daniel I. Barness (SBN 104203)
*SPIRO MOSS BARNESS LLP*
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
Telephone: (310) 235-2468
Facsimile (310) 235-2456
daniel@spiromoss.com

Attorneys for Plaintiffs

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br>PEOPLE'S CHOICE HOME LOAN, INC. , a Wyoming Corporation,<br><br>               Debtor.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Chapter 11

Case No.   07-10765 RK
Adv. No.   07-01098

Jointly Administered with Case Nos.
SA 07-10767-RK and SA 07-10772-RK)
[This pleading affects Case Numbers SA
07-10765-RK and SA 07-10772-RK]

[Caption continued on following page]

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION
FOR CLASS CERTIFICATION AND OTHER RELIEF; SUPPORTING DECLARATIONS

| | | |
|---|---|---|
| 1 | JOHN P. SALVADOR, DOUGLAS MCCLARY, MELINDA MCZIEL, SHANE FOWLER and DEBBIE OLIPHANT, on their own behalf and on behalf of all other persons similarly situated, | ) ) ) ) ) ) ) ) ) ) |

JOHN P. SALVADOR, DOUGLAS MCCLARY, MELINDA MCZIEL, SHANE FOWLER and DEBBIE OLIPHANT, on their own behalf and on behalf of all other persons similarly situated,

      Plaintiffs,

v.

PEOPLE'S CHOICE FINANCIAL CORPORATION, a Maryland corporation and PEOPLE'S CHOICE HOME LOAN, INC., a Wyoming corporation,

      Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  AMENDED MOTION FOR CLASS CERTIFICATION AND  OTHER RELIEF;  SUPPORTING DECLARATIONS OF JOHN P. SALVADOR; MELINDA MCZIEL; DEBBIE OLIPHANT; SHANE FOWLER; and DANIEL I. BARNESS

[Separate DECLARATION OF STUART J. MILLER filed concurrently]

Date:   October 30, 2007
Time:   2:30 p.m.
Place:   Courtroom 5A
          Ronald Reagan Federal Building
          and United States Courthouse
          411 W. Fourth Street
          Santa Ana, CA  92701

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR CLASS  CERTIFICATION  AND OTHER RELIEF; SUPPORTING DECLARATIONS

# **TABLE OF CONTENTS**

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

    Prior Proceedings  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.  ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

    A.  Warn Claims Are Widely Recognized by the Courts to Be Especially Appropriate for Class Certification . . . . . . . . . . .  5

    B.  The Proposed Class Satisfies the Requirements of Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

        1.  The Proposed Class Meets the Requirements of Rule 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

            (a)  The Numerosity Requirement is Satisfied . . . . . . . .  6

            (b)  Questions of Law and Fact Are Common to All Members of the Proposed Class . . . . . . . . . . . .  7

            (c)  The Claims of the Representative Parties Are Typical of the Claims of the Class . . . . . . . . . . . . .  8

            (d)  The Plaintiffs Will Fairly and Adequately Protect the Interests of the Class  . . . . . . . . . . . . . . .  9

        2.  The Proposed Class Meets the Requirements of Rule 23(B)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

    C.  Class Claims Are Proper in Bankruptcy Cases, Even When The Putative Class Members Did Not File Individual Claims . .  11

    D.  This Court Should Appoint the Undersigned Class Counsel . . .  12

    E.  Appointment of Class Representative  . . . . . . . . . . . . . . . . . . . .  12

    F.  The Form and Manner of Service of Notice . . . . . . . . . . . . . . .  12

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

**TABLE OF AUTHORITIES**

Ace Heating & Plumbing Co. v. Crane Co.
    453 F.2d 30 (3rd Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

Amchem Prods v. Windsor
    521 U.S. 591, 625 (1997)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

American Reserve
    840 F.2d at 493  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

APA Transport
    2005 WL 3077916*5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Birting Fisheries, Inc. v. Lane
    92 F.3d 939, 940 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Bledsoe v. Emery Worldwide Airlines
    258 F.Supp. 2d 780 (S.D. Ohio 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Brady v. Thurston Motor Lines
    726 F.2d 136 (4th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Califano v. Yamasaki
    442 U.S. 682, 700-701 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Cashman v. Dolce International/Hartford, Inc.
    225 F.R.D. 73 (D. Conn. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Ciarlante v. Brown & Williamson Tobacco Corp.
    1995 WL 76579*1, 11 IER Cases 513 (E.D. Pa. Dec 18, 1995) . . . . . . . . . . .  6

Coggin v. Sears, Roebuck and Company
    155 B.R. 934, 937 (E.D.N.C. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Cruz v. Robert Abbey, Inc.
    778 F. Supp. 605 (E.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Cypress v. Newport News General & Nonsecretarian Hospital Ass'n
    375 F.2d 648, 653 (4th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Dura-Bilt Corp. v. Chase Manhattan Corp.
    89 F.R.D. 87, 99 (S.D.N.Y. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Eisen v. Carlisle & Jacqueline
    417 U.S. 156, 177 (1974)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 9, 10

Finnan v. L.F. Rothschild & Co.
    726 F. Supp. 460, 465 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

General Tel. Co. v. Falcon
    457 U.S. 147, 155 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Grimmer v. Lord, Day & Lord,

937 F. Supp. 255 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

Grunin v. International House of Pancakes
    513 F.2d 114, 122 (8th Cir.), cert denied
    423 U.S. 864, 96 s. Ct. 124 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

In Re Charter Co.
    876 F.2d 866 (11th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

In Re First Alliance Mortgage Corp.
    269 B.R. 428, 444 (D. C.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In Re Future Media . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Jones v. Kayser-Roth Hosiery
    748 F. Supp. 1276 (E.D. TN. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Jurcev v. Central Community Hospital
    7 F.3d 618 (7th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

New Orlesns Clerks and Checkers Union Local 1497 v. Ryan-Walsh Inc.
    1994 U.S. Dist. LEXIS 2403 (E.D. La. 1994) . . . . . . . . . . . . . . . . . . . . . . 5

Pearson v. Component Technology Corp.
    247 F.3d 471 (3rd Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.
    323 F. Supp. 364, 378 (E.D. Pa. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Phillips Petroleum Co. v. Shutts
    472 U.S. 797, 809 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Reid v. White Motor Corp., 886 F.2d 1462, 1469-70
(6th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Reyes v. Greater Texas Finishing Corp.
    19 F. Supp. 2d 709 (W.D. Texas 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Roger v. Electronic Data Systems Corp.
    160 F.R.D. 532 (E.D.N.C. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Steiner v. Equimark Corp.
    96 F.R.D. 603, 614 (W.D. Pa. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Trist v. First Federal Saving & Loan Association
    89 F.R.D. 1, 2 (E.D. Pa. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

White v. National Football League
    41 F.3d 402, 408 (8th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Weinberger v. Kendrick
    698 F.2d 61, 71 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Statutes and Rules**

Federal Rule of Bankruptcy Procedure 7023 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. . . . . . 1

29 U.S.C. §2101(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

Fed.R.Civ.P. 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

F.R.Civ. P. 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9

F.R.Civ. P. 23(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

F.R.Civ. P. 23(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

**Treatises**

1 Newberg on Class Actions, § 3:4 at 230 (4th Ed. 2002) . . . . . . . . . . . . . . . . . . 6, 8

3 Newberg on Class Actions (4th ed. 2002) § 7.9 . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# I.

## INTRODUCTION

Plaintiffs John P. Salvador and Melinda McZiel hereby amend their original Motion For Class Certification to add Shane Fowler and Debbie Oliphant as additional class representatives and to add Spiro Moss Barness, LLP as additional class counsel. Plaintiffs seek an order (a) certifying a class, pursuant to the Federal Rule of Bankruptcy Procedure 7023, comprised of former employees of Defendants People's Choice Financial Corporation and People's Choice Home Loan, Inc. who were terminated without cause from their employment at Defendants' facility comprised of operations located at 7505, 7515, 7525, and 7545 Irvine Center Drive, Irvine, California 92618 (the "Facility") during the period from March 19, 2007, or thereafter as part of, or as the reasonably expected consequence of, the mass layoff or plant closing, as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. (the "WARN Act"), at the Defendants' Facility, who do not file a timely request to opt-out of the class, (b) appointing The Gardner Firm, P.C., Lankenau & Miller, LLP, and Spiro Moss Barness, LLP as Class Counsel, (c) appointing Plaintiffs John P. Salvador, Melinda McZiel, Shane Fowler and Debbie Oliphant as the class representatives, (d) approving the form and manner of notice to the class of this class action, and (e) granting such other and further relief as this Court may deem proper.

## Prior Proceedings

On April 7, 2007, Plaintiffs filed a Class Action Adversary Proceeding Complaint against Defendants.[1] (See Exhibit "D1" hereto.) The Complaint alleges a Rule 23 class claim asserting that the Defendants violated the federal and California WARN Acts. (Exhibit "D1" at ¶16). The Complaint alleges that Defendants employed more than 100 employees who worked at least 4,000 hours per week within the United States; and that the Defendants effected a "mass layoff" or "plant

---

[1] Defendants and Plaintiffs have stipulated to the filing of a first amended complaint, which will be filed concurrently, or shortly hereafter, and will include additional plaintiffs Shane Fowler and Debbie Oliphant, as well as Daniel Barness as additional proposed class counsel.

closing", as defined in the WARN Act, at the Facility that resulted in the loss of employment for at least 50 employees and at least 33% of the employees of the Facility, excluding Part-Time Employees. (Exhibit "D1" at ¶ 34, 35, 38 and 39).

The Complaint further alleges that the Plaintiffs and the other similarly situated former employees terminated on or about March 19, 2007, and thereafter worked at the Facility, and were discharged without cause; that all these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoff or plant closing are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from the Defendants 60 days' advance written notice, as required by the WARN Act; and that the Defendants failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act. (Exhibit "D1" at ¶ 8, 40, 41, 42, 43 and 45). The Complaint further alleges that the proposed class meets the requirements of Fed.R.Civ.P. 23. (Exhibit "D1" at ¶ 16-29).

On May 9, 2007, Defendants served an Answer to the Complaint (See Exhibit "D2" hereto). In its Answer, the Defendants admit that they conducted business operations at 7505, 7515, 7525, and 7545 Irvine Center Drive, Irvine, California 92618. (Exhibit "D2" at ¶4). Defendants further admit that the Plaintiffs were employees of the Defendants and that they worked at the Facility. (Exhibit "D2" at ¶7). Defendants also admit that they employed 100 or more employees, exclusive of part-time employees, during the relevant period and that it terminated the named Plaintiffs on March 19, 2007 without providing them advance notice of their terminations. (Exhibit "D2" at ¶¶34, 12 and 11). Finally, Defendants admit that at least 50 employees and more than 33% of all full-time employees were, collectively, discharged from its "various Irvine offices on March 19, 2007". (Exhibit "D2" at ¶39). However, Defendants deny that Plaintiffs are entitled to any relief and asserted five affirmative defenses, each of the defenses, if available, would apply to Plaintiffs and all the putative Class Members, including the unforeseeable business circumstances defense. (Exhibit "D2", ¶¶ 13, 51).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION
FOR CLASS CERTIFICATION AND OTHER RELIEF; SUPPORTING DECLARATIONS

## II. ARGUMENT

### A.     Warn Claims Are Widely Recognized by the Courts to Be Especially Appropriate for Class Certification.

Courts have regularly held that the WARN Act is "particularly amenable to class litigation." *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989); See also *Grimmer v. Lord, Day & Lord*, 937 F. Supp. 255 (S.D.N.Y. 1996) ("[T]he WARN Act provisions lend themselves to class action because they provide for limited recovery."); *New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*, 1994 U.S.Dist. LEXIS 2403 (E.D. La. 1994)( "the instant proceeding, a WARN action, falls squarely within the criteria for sanctioning a class.").

Thus, violations of the WARN Act have given rise to numerous class action cases and class certification is routinely granted.  See, e.g., *Pearson v. Component Technology Corp.*, 247 F.3d 471 (3rd Cir. 2001) (former employees brought representative action on behalf of other employees against employer's secured creditor under the WARN Act); *Jurcev v. Central Community Hospital*, 7 F.3d 618 (7th Cir. 1993) (employees who lost their jobs when hospital closed brought, on behalf of other former employees, an action against the hospital under the WARN Act); *Jones v. Kayser-Roth Hosiery*, 748 F. Supp. 1276 (E.D. TN. 1990) (former employees brought action under WARN Act on behalf of other employees); *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780 (S.D. Ohio 2003); *Cashman v. Dolce International/Hartford, Inc.*, 225 F.R.D. 73 (D. Conn. 2004); *Cruz v. Robert Abbey, Inc.*, 778 F. Supp. 605 (E.D.N.Y. 1991); *Reyes v. Greater Texas Finishing Corp.*, 19 F. Supp. 2d 709 (W.D. Texas 1998).

The merits of the action are not to be considered in weighing class certification.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action . . . 'In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.'")  See also *Ciarlante v. Brown & Williamson Tobacco Corp.* , 1995 WL 764579*1, 11 IER Cases 513 (E.D.

5

Pa. Dec 18, 1995) (holding that because the issue of whether a location was a single site of employment affected the merits, it could not be considered on a motion for class certification); 3 Newberg on Class Actions (4th ed. 2002) § 7.9.

**B.   The Proposed Class Satisfies the Requirements of Rule 23.**

Class certification requires that each of the four prerequisites for class certification set forth in Federal Rule of Civil Procedure 23, namely, Rule 23(a)(1), (2), (3) and (4), be satisfied and that, in addition, at least one of the subparts of Rule 23(b) -- here 23(b)(3) -- be satisfied.  As shown below, the prerequisites for class certification are clearly present in this action.

**1.      The Proposed Class Meets the Requirements of Rule 23(a)**

F.R.Civ. P. 23(a) provides as follows:

> Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

**(a)      The Numerosity Requirement is Satisfied**

Federal Rule of Civil Procedure 23(a)(1), requires that the class sought to be certified be  "so numerous that joinder of all members is impracticable." This prerequisite, however, does not require that joinder be impossible. *Coggin v. Sears, Roebuck and Company*, 155 B.R. 934, 937 (E.D.N.C.1993); see also 1 Newberg on Class Actions, § 3:4 at 230 (4th Ed. 2002) (It is important to remember that "[i]mpracticable does not mean impossible.").  No specific number is needed to maintain a class action. *Cypress v. Newport News General & Nonsectarian Hospital Ass'n*, 375 F.2d 648, 653 (4th Cir.1967). Rather, an "application of the rule is to be considered in light of the particular circumstances of the case." *Cypress*, 375 F.2d at 653.  Classes consisting of forty or more persons "should have a reasonable chance of success on the basis of number alone." 1 Newberg , supra § 3:5 at 248.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION
FOR CLASS  CERTIFICATION  AND OTHER RELIEF; SUPPORTING DECLARATIONS

WARN Act class action litigation typically involves claims brought by the former employees of an employer who number less than the estimated five hundred former employees which make up the proposed class of former People's Choice employees. *Brady v. Thurston Motor Lines*, 726 F.2d 136 (4th Cir. 1984) (certifying class of 74 persons); *Grimmer v. Lord Day & Lord*, 937 F. Supp. 255 (S.D.N.Y. 1996) (certifying class of 92 persons).

**(b) Questions of Law and Fact Are Common to All Members of the Proposed Class**

The second prerequisite of class certification is that "there be questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[C]lass relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and they 'turn on questions of law applicable in the same manner to each member of the class. ' For in such cases, 'the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" *General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982), (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)).

Here, the Plaintiffs claim that they and the other Class Members were terminated as part of a common plan stemming from the Defendants' decision to discontinue business operations and close the Facility. Additionally, the factual and legal questions stem from a common core of facts regarding the Defendants' actions and a common core of legal issues regarding every Class Member's rights, as follows: (a) Defendants employed more than 100 employees; (b) all the Class Members are protected by the WARN Act; (c) the Class Members were employees of the Defendants; (d) the Defendants discharged the C lass Members on March 19, 2007, and thereafter in connection with a mass layoff or plant closing; (e) the Class Members were " affected employees", as they lost their employment as a result of the mass layoff or plant closing; (f) the Defendants terminated the employment of the Class Members without cause; (g) the Defendants terminated the employment of the Class Members without giving them at least 60 days ' prior written notice as required by the WARN Act; and (h) the Defendants failed to pay the Class Members 60 days' wages and benefits. [See, Salvador, McZiel, Oliphant and Fowler Declarations annexed hereto.]

In short, virtually all the issues are common to the Class and the only differences are minor, namely, the rate of pay and the date of termination.

**(c)     The Claims of the Representative Parties Are Typical of the Claims of the Class**

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."  The typicality requirement is met when the representative Plaintiffs' claims arise from a course of conduct by Defendant s that also gives rise to the claims of other Class Members based on the same legal theory. *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y. 1981); 1 Newberg, supra at §3:13 at 326 (4th edition 2002) ("'[Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought'").  The question is whether the class representatives' claims have the same essential characteristics as the claims of the class at large.  (Id.)  If the elements of the cause of action to be proved by the representatives are the same as those of the class, the claim is typical. *Dura-Bilt*, 89 F.R.D. at 99.  (Id.)

Here, the Class Representatives (i.e., the Plaintiffs) suffered the same type of injury as the rest of the Class and, there are no conflicts of interest between the representatives of the Class and the other Class Members (Plaintiffs Salvador and McZiel's Declarations ¶¶ 10 and 12; Plaintiffs Fowler and Oliphant's Declarations ¶¶ 6, 10 and 13). The Defendants' failure to comply with the requirements of the WARN Act represents a single course of conduct resulting in injury to all Class Members including the Plaintiffs.  Neither the Plaintiffs nor other Class Members received 60 days' notice or 60 days' wages and benefits, pursuant to the requirements of the WARN Act (Plaintiffs Salvador and McZiel's Declarations ¶¶ 7 and 8; Plaintiffs Fowler and Oliphant's Declarations ¶¶ 6 and 7).

Thus, the factual situation of each of the Class Representatives and the legal theories upon which the action is grounded are not only typical of the entire Class, but are identical.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR CLASS  CERTIFICATION  AND OTHER RELIEF; SUPPORTING DECLARATIONS

**(d)   The Plaintiffs Will Fairly and Adequately Protect the Interests of the Class**

Federal Rule of Civil Procedure 23(a)(4) provides that a class action is maintainable only if "the representative parties will fairly and adequately protect the interests of the class."  This element requires a two-step analysis. First, the court must determine whether the named class representatives have interests that "are free from conflicts of interest with the class they seek to represent. *Amchem Prods v. Windsor*, 521 U.S. 591, 625 (1997).  Second, the court must find that the class would be represented by qualified counsel.  *APA Transport*, 2005 WL 3077916*5.

The first element of Rule 23(a)(4) is met in this case because, as set forth above, no divergence exists between  the interests of the proposed Class representatives and the interests of the Class as a whole.

The second element of Rule 23(a)(4) is met because Plaintiffs' counsel are "qualified, experienced and generally able to conduct the proposed litigation."  *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), cert. denied, 417 U.S. 156 (1974).  Their background can be summarized as follows:

(1)      Mr. Miller of the New York based firm Lankenau & Miller, LLP, has over 18 years of litigation experience, in both state and federal courts, on a variety of legal matters including WARN and other employment rights matters (Miller Declaration ¶14-15). Over the past eight years, he has specialized in WARN litigation, has been, or is now, counsel in some 75 WARN actions and his firm has been appointed class counsel in some 30 of these actions including several WARN Act class action litigations in this court (Miller Declaration ¶15-16).  John Lankenau, who is of counsel to the firm, has over 50 years of litigation experience and has actively participated in the litigation of some 100 WARN actions, the majority in bankruptcy courts, since August 1997 (Miller Declaration ¶¶16-20).

(2)      Cecil Gardner of The Gardner Firm in Mobile, Alabama, has nearly 40 years experience in labor and employment litigation.  He and his partners, Mary Olsen (admitted to practice in 1994) and Vance McCrary (admitted to practice in 2001) have

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION
FOR CLASS  CERTIFICATION  AND OTHER RELIEF; SUPPORTING DECLARATIONS

served as class counsel in at least four other WARN class actions and have extensive experience in handling matters of this type. (Miller Declaration ¶22-27)

(3)  Daniel I. Barness of Spiro Moss Barness LLP in Los Angeles, California, has 25 years of experience in bankruptcy, with a sub-specialty in representing class claimants in Chapter 11 settings, and holds a certification by the American Board of Certification in business reorganizations.

Accordingly, the four prerequisites of Rule 23(a) for Class certification are met in this action.

## 2.  The Proposed Class Meets the Requirements of Rule 23(B)(3).

In addition to meeting the prerequisites for class certification under Rule 23(a), a class must meet only one of the three alternative requirements for treatment as a class action under Fed. R. Civ. P. 23(b).  Here, the class meets the requirements of Fed. R. Civ. P. 23(b)(3).

Class Certification is proper under Rule 23(b)(3) where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and … a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Considerations of judicial economy and efficiency are of paramount importance and, where, as here, determination of the common, predominant issues shared by the Class Members will dispose of the matter, class certification should be ordered. *Rodger v. Electronic Data Systems Corp.*, 160 F.R.D. 532 (E.D.N.C. 1995). A class action is the superior method of resolving this dispute because many of the claims are quite small, making individual lawsuits impracticable. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985); *Eisen v. Carlisle & Jacquelin*, 391 F.2d at 566-567.  As shown above, common questions of fact and law overwhelmingly predominate over the minor questions affecting individual claims.

In addition, Fed. R. Civ. P. 23(b)(3) requires that the Plaintiffs demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Four factors are set forth in Fed. R. Civ. P. 23 (b)(3) to guide the court's

10

determination as to whether a class action is superior and whether issues of fact and law common to Class Members predominate over individual matters: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Here, neither the Plaintiffs nor any of the other Class Members have an interest in individually controlling the prosecution of separate actions. (Plaintiffs Salvador and McZiel's Declarations ¶ 13; Plaintiffs Fowler and Oliphant's Declarations ¶ 11). No other litigation concerning the controversy has been commenced by other counsel. Concentrating the WARN litigation in a class action will avoid multiple suits. Finally, the difficulties in managing this litigation as a class action are few: the Class Members can be easily identified; the potential liability of the Defendants can be readily calculated; and there is but one combined course of conduct -- that of the Defendants -- to examine and adjudicate. (Plaintiffs Salvador and McZiel's Declarations ¶ 10; Plaintiffs Fowler and Oliphant's Declarations ¶ 10).

### C. Class Claims Are Proper in Bankruptcy Cases, Even When the Putative Class Members Did Not File Individual Claims.

WARN claims filed by Plaintiffs on behalf of similarly situated putative Class Members are proper pursuant to *In re First Alliance Mortgage Corp.*, 269 B.R. 428, 444 (D. C.D. Cal. 2001). The First Alliance Court held that the filing of a class action in bankruptcy, by an individual on behalf of similarly situated individuals, serves as a timely filed claim on behalf of all other class members. Id. at 445, n 16. See also, *In Re: Future Media* attached as Exhibit "D3".

Additionally, four circuit courts have held that the Bankruptcy Code unconditionally allows class claims whenever the criteria of Rule 23 are met. *Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 (6th Cir.1989) (noting that the "more equitable resolution" is to permit class claims in

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION
FOR CLASS CERTIFICATION AND OTHER RELIEF; SUPPORTING DECLARATIONS

bankruptcy proceedings); *Birting Fisheries, Inc. v. Lane*, 92 F.3d 939, 940 (9th Cir. 1996) ("[W]e conclude that the Bankruptcy Code should be construed to allow class claims," noting that "[t]hree circuits have previously considered this question and all have construed the code as we do.") (emphasis added), citing *Reid*; *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989); and *American Reserve*, 840 F.2d at 493.

Since the requirements of Rule 23 have all been met, as discussed above, class certification should be granted.

### D. This Court Should Appoint the Undersigned Class Counsel.

As shown in the Miller and Barness Declarations, Plaintiffs' counsel is qualified and has been actively and diligently prosecuting this action. Further, as stated in the Miller and Barness Declaration s, the Plaintiffs are being represented by attorneys who are highly experienced in class action litigation under the WARN Act and have been appointed Class Counsel in some 30 WARN class actions (Miller Amended Declaration ¶¶ 14-28).

### E. Appointment of Class Representatives

Plaintiffs' counsel request that John P. Salvador, Melinda McZiel, Shane Fowler and Debbie Oliphant be appointed Class Representatives. The Plaintiffs have been diligent in pursuing the Class claim and have worked with counsel in initiating and prosecuting the action; they have no conflict of interest with other Class Members; and they have and will fairly and adequately represent the interests of the Class (Plaintiffs Salvador and McZiel's Declarations ¶¶ 9, 11 and 12; Plaintiffs Fowler and Oliphant's Declarations ¶¶ 12 and 13). For these reasons, Plaintiffs' counsel asks that the Plaintiffs be appointed Class Representatives.

### E. The Form and Manner of Service of Notice

Plaintiffs further submit that service of the proposed Notice of Class Action by First Class Mail, postage prepaid, to each member of the Class at the member's last known address as shown on

the Defendants' records is the best notice practicable under all the circumstances (annexed to the Miller Amended Declaration as Exhibit A).

Fed. R. Civ. P. 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the Court must determine the best notice practicable under the circumstances, including individual notice to potential class members and that the notice must concisely and clearly state in plain, easily understood language:

1. the nature of the action,

2. the definition of the class certified,

3. the class claims, issues or defenses,

4. that a class member may enter an appearance through counsel if the member so desired,

5. that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and

6. the binding effect of a class judgment on class members under Rule 23(c)(3).

Rule 23(c)(2)(B).

Although no rigid standards govern the contents of notice to Class Members, the notice must "fairly apprise the prospective members of the Class of the [proceedings] and of the options that are open to them in connection with [the] proceedings," *Grunin v. International House of Pancakes*, 513 F.2d 114, 122 (8th Cir.), cert. denied, 423 U.S. 864, 96 S. Ct. 124 (1975), *quoting Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 378 (E.D. Pa. 1970), aff'd sub nom, *Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30 (3rd Cir.1971). Individual mailings to each Class Member's last known address is appropriate. *White v. National Football League*, 41 F.3d 402, 408 (8th Cir. 1994); *Weinberger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1983); *Steiner v. Equimark Corp.*, 96 F.R.D. 603, 614 (W.D. Pa. 1983); *Trist v. First Federal Saving & Loan Association*, 89 F.R.D. 1, 2 (E.D. Pa.1980).

Here, the contents of the proposed Notice are sufficient. The Notice summarizes the nature of the pending WARN Act litigation and apprises the proposed Class, among other things, of the Class

13

definition, of the claims, issues and defenses, that complete information regarding the action is available upon request from Class Counsel, that any Class Member may opt-out of the Class, that if they do not opt-out, they will be bound by any judgment or settlement in the litigation and that if they do not opt-out, they may appear by their own counsel. In short, the proposed Notice satisfies all the requirements of Rule 23(c)(2)(B).

The names and addresses of all the putative Class Members are contained in Defendants' records. Once Plaintiffs have been provided with those, Plaintiffs' counsel will mail the Notice of Class Action by First Class Mail, postage prepaid to the last known address of each of the putative Class Members so that they will have at least 30 days from the date of the mailing, to object to Class certification and to opt-out of the Class. Plainly, this is the best practicable notice under the circumstances.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION
FOR CLASS CERTIFICATION AND OTHER RELIEF; SUPPORTING DECLARATIONS

## III. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order granting Plaintiffs' Motion in all respects.

Dated: September 27, 2007

By: /s/ STUART J. MILLER
LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
1775 Broadway, Suite 610
New York, New York 10019
P: (212) 581-5005

THE GARDNER FIRM
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
J. Cecil Gardner (GARDJ3461)
1119 Government Street
Post Office Drawer 3103
Mobile, AL 36652
P: (251) 433-8100
F: (251) 433-8181
Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice

Douglas N. Silverstein, Esq. (SBN 181957)
Alexandra M. Steinberg, Esq. (SBN 227427)
KESLUK & SILVERSTEIN, P.C.
9255 Sunset Blvd., Suite 411
Los Angeles, CA 90069-3309
Telephone: (310) 273-3180
Facsimile: (310) 273-6137

Angeline Kwik, Esq. (SBN 243247)
MEHR LAW FIRM, P.C.
17310 Redhill Avenue, Suite 135
Irvine, CA 92614
Telephone: (949) 777-9444
Facsimile: (949) 777-9440

Daniel I. Barness, Esq. (SBN 10423)
SPIRO MOSS BARNESS, LLP
11377 Olympic Blvd., 5th Floor
Los Angeles, CA 90064
Telephone: (310) 235-2468
Facsimile: (310) 235-2456

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF; SUPPORTING DECLARATIONS

DECLARATIONS OF JOHN P. SALVADOR; MELINDA McZIEL;
DEBBIE OLIPHANT; SHANE FOWLER and DANIEL I. BARNESS

17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION
FOR CLASS CERTIFICATION AND OTHER RELIEF; SUPPORTING DECLARATIONS

| HOME LOAN, INC., a Wyoming | ) |
| corporation, | ) |
| | ) |
| Defendant. | ) |
|  | ) |
| ———————————————— | ) |

## DECLARATION IN SUPPORT OF
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF

I, John P. Salvador, declare as follows under penalty of perjury:

1.     I am a former employee of the Defendant and am the named Plaintiff in the above captioned class action suit for damages against Defendant to recover 60 days' pay and benefits against Defendant under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). I submit this declaration in support of Plaintiffs' Motion for Class Certification in the above action.

2.     I currently reside at 2800 Keller Drive #54, Tustin, CA 92782.

3.     From May 31, 2005 to March 19, 2007, I was employed by the Defendant as a Director of Investor Relations. I worked at Defendant's facility located at 7515 Irvine Center Drive, Irvine, CA 92618 (the "Facility").

4.     At the time of my termination, I was earning an annual salary of $120,000. Among the fringe benefits I received from Defendant as an employee were medical, dental and optical coverage, long-term disability coverage and life insurance.

5.     My last day of work was on March 19, 2007.

6.     At no time before March 19, 2007 did I receive any written notice regarding the WARN Act nor, to the best of my knowledge, did any of the other former employees of the Facility who were terminated on or about that date. I believe that my WARN rights as well as the WARN rights of the other employees of Defendant laid off on or about March 19, 2007 at Defendant's Facility were violated.

2

7.     At the time I was terminated, about 500 other employees of Defendant who worked at Defendant's Facility were also terminated. I believe that the WARN Act rights of all of my former co-workers were also violated in that none of us received written notice of the shutdown and his or her resulting termination in compliance with the WARN Act.

8.     I have not received nor, to the best of my knowledge, have any of the other former employees of Defendant received any payments under the WARN Act.

9.     Following my termination, I retained the Sugar Law Center for Economic and Social Justice together with their cooperating counsel, Lankenau & Miller and The Gardner Firm, as my counsel to assert a WARN claim on my behalf as well as a class claim on behalf of the other employees of Defendant who were laid off from the Defendant's Facility as part of, or as the foreseeable result of the mass layoff or plant closing that Defendant ordered and carried out beginning on or about March 19, 2007.

10.     Because the circumstances of my termination are the same as those of the other former employees of Defendant laid off beginning on or about March 19, 2007 the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same.

11.     I am eager and willing to prosecute this action on behalf of the other former employees of Defendant who were laid off on or about March 19, 2007. I have actively assisted and will continue to actively assist my counsel in the prosecution of this action.

12.     I have no conflict of interest with other class members.

13.     My claim against the Defendant under the WARN Act for 60 days' wages equals $18,461.54, not including benefits. The small size of my claim, my financial situation and the costs of attorneys' fees left me unable to pursue this claim as a sole litigant. I believe that the other former employees of Defendant who were laid off on or about March 19, 2007, are

3

similarly situated and unable to pursue their rights under the WARN Act except through a class action. To my knowledge there is no other litigation pending which involves the WARN rights of the former employees of Defendant, nor is there any interest by members of the proposed class in individually controlling the prosecution of separate WARN actions.

14.     The Lankenau & Miller firm and The Gardner Firm have been vigorously prosecuting this action with the Sugar Law Center. I believe they are well-qualified to serve as class counsel.

15.     In view of the foregoing, I request that Plaintiff's Motion for Class Certification and Appointment of Class Counsel be granted.

16.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on May 25, 2007

John P. Salvador

94458

4

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CALIFORNIA

In re:

PEOPLE'S CHOICE HOME LOAN,
INC., a Wyoming Corporation,

               Debtor.

JOHN P. SALVADOR, DOUGLAS
MCCLARY and MELIDA MCZIEL on
their own behalf and on behalf of all
other persons similarly situated,

               Plaintiffs,

v.

PEOPLE'S CHOICE FINANCIAL
CORPORATION, a Maryland
corporation and PEOPLE'S CHOICE
HOME LOAN, INC., a Wyoming
corporation,

               Defendant.

Case No. 07-10765

Chapter 11

Adversary Proceeding No. 07-01098

## DECLARATION IN SUPPORT OF
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF

I, Melida McZiel, declare as follows under penalty of perjury:

    1.     I am a former employee of the Defendant and am the named Plaintiff in the above captioned class action suit for damages against Defendant to recover 60 days' pay and benefits against Defendant under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). I submit this declaration in support of Plaintiffs' Motion for Class Certification in the above action.

    2.     I currently reside at 5319 University Drive #229, Irvine CA, 92612.

    3.     From November 30, 2005 to March 19, 2007, I was employed by the Defendant as an internal audit servicing analytics specialist. I worked at Defendant's facility located at 7515 Irvine Center Drive, Irvine, CA 92618 (the "Facility").



the WARN rights of the other employees of Defendant laid off on or about March 19, 2007 at Defendant's Facility were violated.

7.      At the time I was terminated, about 500 other employees of Defendant who worked at Defendant's Facility were also terminated. I believe that the WARN Act rights of all of my former co-workers were also violated in that none of us received written notice of the shutdown and his or her resulting termination in compliance with the WARN Act.

8.      I have not received nor, to the best of my knowledge, have any of the other former employees of Defendant received any payments under the WARN Act.

9.      Following my termination, I retained the Sugar Law Center for Economic and Social Justice together with their cooperating counsel, Lankenau & Miller and The Gardner Firm, as my counsel to assert a WARN claim on my behalf as well as a class claim on behalf of the other employees of Defendant who were laid off from the Defendant's Facility as part of, or as the foreseeable result of the mass layoff or plant closing that Defendant ordered and carried out beginning on or about March 19, 2007.

10.     Because the circumstances of my termination are the same as those of the other former employees of Defendant laid off beginning on or about March 19, 2007 the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same.

11.     I am eager and willing to prosecute this action on behalf of the other former employees of Defendant who were laid off on or about March 19, 2007. I have actively assisted and will continue to actively assist my counsel in the prosecution of this action.

12.     I have no conflict of interest with other class members.

13.     My claim against the Defendant under the WARN Act for 60 days' wages equals $6,4615.54, not including benefits. The small size of my claim, my financial situation and the costs of attorneys' fees left me unable to pursue this claim as a sole litigant. I believe that the other former employees of Defendant who were laid off on or about March 19, 2007, are similarly situated and unable to pursue their rights under the WARN Act except through a class action. To my knowledge there is no other litigation pending which involves the WARN rights of the former employees of Defendant, nor is there any interest by members of the proposed class in individually controlling the prosecution of separate WARN actions.

14.     The Lankenau & Miller firm and The Gardner Firm have been vigorously prosecuting this action with the Sugar Law Center. I believe they are well-qualified to serve as class counsel.

15.     In view of the foregoing, I request that Plaintiff's Motion for Class Certification and Appointment of Class Counsel be granted.

16.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on May 2 2007

Melida McZiel

94461

# DECLARATION OF DEBBIE OLIPHANT
## IN SUPPORT OF CLAIMANTS' MOTION FOR CLASS CERTIFICATION

I, DEBBIE OLIPHANT, hereby declare that:

1.     I am a former employee of the Defendant and am a named Plaintiff in the above captioned class action suit for damages against Defendant to recover 60 days' pay and benefits under the Worker Adjustment and Retraining Notification Act (the "WARN Act"). I submit this declaration in support of Plaintiffs' Motion for Class Certification in the above action.

2.     I currently reside at 2630 E. Denise Ave., Orange, California, 92867.

3.     From October 2003 to March 19, 2007, I was employed by the Defendant as regional manager. I worked at Defendant's facility located at 7515 Irvine Center Drive, Irvine, California, 92618 (the "Facility").

4.     At the time of my lay-off, I was earning $40.38 per hour, plus fringe benefits including, health insurance (medical, dental and vision), long-term disability insurance and life insurance.

5.     On March 19, 2007, my employment with Defendant ended in connection with a company-wide lay off.

6.     At the time I was laid off, about 500 other employees of Defendant who worked at the Facility were also laid off. I believe that the WARN Act rights of all of my former co-workers were also violated in that none of them received written notice of the shutdown and his/her resulting lay off in compliance with the WARN Act.

7.     At no time before March 19, 2007, did I receive any written notice regarding the WARN Act nor, to the best of my knowledge, did any of the other former employees of the Facility who were terminated on or about that date. I believe that my WARN rights, as well as the WARN rights of the other employees of Defendant laid off on or about March 19, 2007 at the Facility, were violated.

8.     I have not received nor, to the best of my knowledge, have any of the other former employees of Defendant received, any payments under the WARN Act.

9.     On March 25, 2007, I retained the law offices of Kesluk & Silverstein, P.C., the Mehr Law Firm, P.C. and Spiro Moss Barness, LLP, to assert claims for WARN Act damages and unpaid wages against Debtor PCHL and related entities, on my behalf as well as a class claim on behalf of my former co-workers who were laid off by Debtor

PCHL on March 19, 2007. On July 16, 2007, I retained the law offices of Lankenau & Miller and The Gardner Firm as co-counsel for the WARN Act action.

10.     I am informed and believe that the circumstances of my lay-off are identical to those of the other former employees laid off on March 19, 2007. Because the circumstances of my lay-off are the same as those of the other former employees of Defendant laid off beginning on or about March 19, 2007, the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for the amount of damages) are the same.

11.     I believe that a class action is the best, if not only, way to effectively and efficiently prosecute my claims against Debtor PCHL and related entities. The size of my claim, my financial situation and the costs of attorneys' fees have left me unable to pursue this claim alone. I am informed and believe that the same is true for my former co-workers who were laid off on March 19, 2007.

12.     I have actively assisted and will continue to actively assist my counsel in the prosecution of this action. I am ready, willing and able to represent all similarly situated former employees of Debtor PCHL in this action.

13.     I am informed and believe that I have no conflict of interest with any potential class members.

14.     I believe that the law offices of Kesluk & Silverstein, P.C., the Mehr Law Firm, P.C., Spiro Moss Barness, LLP, Lankenau & Miller and The Gardner Firm are well qualified to serve as class counsel. I believe these attorneys are ideally suited to represent the class because of their collective experience and resources, proximity to most class members and the Court, and their existing relationship with many of the potential class members.

15.     Based on the foregoing, I request that Plaintiffs' Motion for Class Certification and Appointment of Class Counsel be granted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 10, 2007 in Orange, California.

_____
DEBBIE OLIPHANT
DECLARANT

## DECLARATION OF SHANE FOWLER
## IN SUPPORT OF CLAIMANTS' MOTION FOR CLASS CERTIFICATION

I, SHANE FOWLER, hereby declare that:

1.     I am a former employee of the Defendant and am a named Plaintiff in the above captioned class action suit for damages against Defendant to recover 60 days' pay and benefits under the Worker Adjustment and Retraining Notification Act (the "WARN Act"). I submit this declaration in support of Plaintiffs' Motion for Class Certification in the above action.

2.     I currently reside at 787 N. Adele Street, Unit C, Orange, California, 92867.

3.     From July 28, 2003 to March 19, 2007, I was employed by the Defendant first as a technical support analyst, and then as software support engineer. I worked at Defendant's facility located at 7515 Irvine Center Drive, Irvine, California, 92618 (the "Facility").

4.     At the time of my lay-off, I was earning $23.00 per hour, plus fringe benefits including, health insurance (medical, dental and vision), long-term disability insurance and life insurance.

5.     On March 19, 2007, my employment with Defendant ended in connection with a company-wide lay off.

6.     At the time I was laid off, about 500 other employees of Defendant who worked at the Facility were also laid off.  I believe that the WARN Act rights of all of my former co-workers were also violated in that none of them received written notice of the shutdown and his/her resulting lay off in compliance with the WARN Act.

7.     At no time before March 19, 2007, did I receive any written notice regarding the WARN Act nor, to the best of my knowledge, did any of the other former employees of the Facility who were terminated on or about that date.  I believe that my WARN rights, as well as the WARN rights of the other employees of Defendant laid off on or about March 19, 2007 at the Facility, were violated.

8.     I have not received nor, to the best of my knowledge, have any of the other former employees of Defendant received, any payments under the WARN Act.

9.     On March 25, 2007, I retained the law offices of Kesluk & Silverstein, P.C., the Mehr Law Firm, P.C. and Spiro Moss Barness, LLP, to assert claims for WARN Act damages and unpaid wages against Debtor PCHL and related entities, on my behalf

as well as a class claim on behalf of my former co-workers who were laid off by Debtor PCHL on March 19, 2007. On July 16, 2007, I retained the law offices of Lankenau & Miller and The Gardner Firm as co-counsel for the WARN Act action.

10.     I am informed and believe that the circumstances of my lay-off are identical to those of the other former employees laid off on March 19, 2007. Because the circumstances of my lay-off are the same as those of the other former employees of Defendant laid off beginning on or about March 19, 2007, the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for the amount of damages) are the same.

11.     I believe that a class action is the best, if not only, way to effectively and efficiently prosecute my claims against Debtor PCHL and related entities. The size of my claim, my financial situation and the costs of attorneys' fees have left me unable to pursue this claim alone. I am informed and believe that the same is true for my former co-workers who were laid off on March 19, 2007.

12.     I have actively assisted and will continue to actively assist my counsel in the prosecution of this action. I am ready, willing and able to represent all similarly situated former employees of Debtor PCHL in this action.

13.     I am informed and believe that I have no conflict of interest with any potential class members.

14.     I believe that the law offices of Kesluk & Silverstein, P.C., the Mehr Law Firm, P.C., Spiro Moss Barness, LLP, Lankenau & Miller and The Gardner Firm are well qualified to serve as class counsel. I believe these attorneys are ideally suited to represent the class because of their collective experience and resources, proximity to most class members and the Court, and their existing relationship with many of the potential class members.

15.     Based on the foregoing, I request that Plaintiffs' Motion for Class Certification and Appointment of Class Counsel be granted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 10, 2007 in Orange, California.

SHANE FOWLER
DECLARANT

## DECLARATION OF DANIEL I. BARNESS

I, DANIEL I. BARNESS, declare:

1.      I am an attorney at law, duly licensed to practice before all courts of the State of California, and before this Court.  I have been designated, pursuant to a Joint Representation Agreement between two separate proposed classes, that have agreed to merge, to act as co-lead counsel in this matter.  The facts stated herein are known personally to me to be true, and if called upon to testify as to the truth of such facts, I could and would so testify.

2.      My firm, Spiro Moss Barness LLP ("Spiro Moss"), of which I am a partner, practices exclusively in the area of class actions.  Partners in Spiro Moss have prosecuted, over the last several years, a number of class actions in wage and hour matters that have resulted in settlements for thousands of workers in the state of California for tens of millions of dollars.  These  have included settlements against high profile companies such as Starbucks, Bridgestone/Firestone, Best Buy, TJ Maxx, AIG, Coors Distributing, Jamba Juice, the parent company of Sparkletts, Old Spaghetti Factory, and many others.

3.      Spiro Moss attorneys have succeeded in contested class certification motions in a number of cases, including cases including cases against Home Depot, Bridgestone/Firestone, Indian Head Water, and Mervyn's Department Stores.  Excerpts from the firm's website are attached hereto.

4.      I hold a certification from the American Board of Certification in the area of business

reorganizations. I have practiced as a bankruptcy lawyer for the past 25 years. Since 1994, I have handled a number of bankruptcy matters in which there were class-action litigations. (The first such matter I handled was <u>In re Western Land & Development</u>, in the Southern District of California.) Within the past four years, I was designated co-class counsel in the bankruptcy case entitled <u>In Re Sutter's Place</u>, in the Bankruptcy Court for the Northern District of California. I have also represented employee-classes in bankruptcy cases pending in the Southern District of New York (<u>In Re Musicland Holding</u>), and in Missouri (<u>In re Interstate Brands, Inc.</u>). I represent class claimants in the Delta Airlines Chapter 11 proceedings pending in the Southern District of New York, and I currently have pending another class certification motion and an application to be approved as class counsel for WARN Act violations in a Northern District Bankruptcy Court case entitled <u>In re Zultys Technologies</u>. Thus, not only does my firm practice exclusively in the area of class actions, with an emphasis on employment–related class actions, I myself have developed an area of sub-specialization within Chapter 11 practice representing class claimants.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this September 14, 2007 at Los Angeles, California.

Daniel I. Barness