Stuart J. Miller (SJM 4276)
**LANKENAU & MILLER, LLP**
1775 Broadway, Suite 610
New York, NY 10019
Tel: (212) 581-5005
Email: SJM@lankmill.com

Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
J. Cecil Gardner (GARDJ3461)
**THE GARDNER FIRM**
1119 Government Street
Post Office Drawer 3103
Mobile, AL 36652
Tel: (251) 433-8100
Email: molsen@thegardnerfirm.com
vmccrary@thegardnerfirm.com
cgardner@thegardnerfirm.com

Daniel I. Barness (SBN 104203)
**SPIRO MOSS BARNESS LLP**
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
Telephone: (310) 235-2468
Facsimile (310) 235-2456
daniel@spiromoss.com

Attorneys for Plaintiffs

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br>PEOPLE'S CHOICE HOME LOAN, INC., a Wyoming Corporation,<br><br>             Debtor. | Chapter 11<br><br>Case No. 07-10765 RK<br>Adv. No. 07-01098<br><br>Jointly Administered with Case Nos. SA 07-10767-RK and SA 07-10772-RK)<br>[This pleading affects Case Numbers SA 07-10765-RK and SA 07-10772-RK]<br><br>[Caption continued on following page] |

1

DECLARATION OF STUART J. MILLER IN SUPPORT OF AMENDED MOTION FOR CLASS
CERTIFICATION AND OTHER RELIEF; SUPPORTING DECLARATIONS

| | |
|---|---|
| JOHN P. SALVADOR, DOUGLAS MCCLARY, MELINDA MCZIEL, SHANE FOWLER and DEBBIE OLIPHANT, on their own behalf and on behalf of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PEOPLE'S CHOICE FINANCIAL CORPORATION, a Maryland corporation and PEOPLE'S CHOICE HOME LOAN, INC., a Wyoming corporation,<br><br>    Defendants. | DECLARATION OF STUART J. MILLER IN SUPPORT OF AMENDED MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF<br><br>Date: October 30, 2007<br>Time: 2:30 p.m.<br>Place: Courtroom 5A<br>       Ronald Reagan Federal Building<br>       and United States Courthouse<br>       411 W. Fourth Street<br>       Santa Ana, CA 92701 |

# AMENDED DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF

Stuart J. Miller hereby declares the following under penalty of perjury:

1. I am a member of Lankenau & Miller, LLP, one of the law firms that represent the Plaintiffs in this action, employees of the Defendants who were terminated without cause from their employment at Defendants' facility comprised of operations located at 7505, 7515, 7525, and 7545 Irvine Center Drive, Irvine, California 92618 (the "Facility).

2. This amended declaration is submitted in support of the Plaintiffs' amended motion for an order a) certifying a Class comprised of those former employees of Defendants People's Choice Financial Corporation and People's Choice Home Loan, Inc. who were terminated without cause from their employment at Defendants' facility comprised of operations located at 7505, 7515, 7525, and 7545 Irvine Center Drive, Irvine, California 92618 (the "Facility) during the period from March 19, 2007, or thereafter as part of, or as the reasonably expected consequence of, the mass layoff or plant closing, as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. (the "WARN Act"), at the Defendants' Facility, who do not file a timely request to opt-out of the class, (b) appointing Lankenau & Miller, LLP, The Gardner Firm, P.C. and Spiro Moss Barness, LLP as Class Counsel, (c) appointing Plaintiffs John P. Salvador, Melinda McZiel, Shane Fowler and Debbie Oliphant as the class representatives, (d) approving the form and manner of notice to the Class of this class action, and (e) granting such other and further relief as this court may deem proper.

**Background**

3. Until March 19, 2007, Defendants operated a facility comprised of operations located at 7505, 7515, 7525, and 7545 Irvine Center Drive, Irvine, California 92618

(the "Facility") . During the period from March 19, 2007 and thereafter the Defendants terminated all the approximately 500 employees who worked at the Facility.

4. On March 20, 2007, Defendants filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

**The Complaint**

5. On April 7, 2007, the Plaintiffs filed their Class Complaint against the Defendants (D1). The Complaint alleges a Rule 23 class claim asserting that the Defendants violated the federal and California WARN Acts. The Complaint alleges that Defendants employed more than 100 employees who worked at least 4,000 hours per week within the United States; and that the Defendants effected a "mass layoff," as defined in the WARN Act, at the Facility that resulted in the loss of employment for at least 50 employees (D1 at ¶¶ 34, 35, 38 and 39).

6. The Complaint further alleges that the Plaintiffs and the other similarly situated former employees who were terminated beginning on or about March 19, 2007 and thereafter worked at the Facility, and were discharged without cause; that all these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoff or plant closing at the Facility are "affected employees," as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from the Defendants 60 days' advance written notice, as required by the WARN Act; and that the Defendants failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act (D1 at ¶¶ 8, 40, 41, 42, 43 and 45).

7. The Complaint further alleges that common questions of law and fact are applicable to all members of the Class, that the Class is so numerous as to render joinder of all

members impracticable; that the Plaintiffs' claims are typical of the claims of the other Class members; that the Plaintiffs will fairly and adequately protect and represent the interests of the Class; that the Plaintiffs have the time and resources to prosecute this action; and that they have retained counsel who have extensive experience in matters involving the WARN Act (D1 at ¶¶ 18, 19, 24, 21, 22 and 23).

8. The Complaint further alleges that the questions of law and fact common to the Class Members predominate over any questions affecting only individual members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; that no Class Member has an interest in individually controlling the prosecution of a separate action under the WARN Act; that no litigation concerning the WARN Act has been commenced by any Class Member; and that concentrating all the potential litigation concerning the WARN Act rights of the Class Members in this court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class Members. (D1 at ¶¶ 20, 26, 27, 28 and 29).

**The Answer**

9. On May 9, 2007, Defendants served an Answer to the Complaint (D2). In its Answer, the Defendants admit that they conducted business operations at 7505, 7515, 7525, and 7545 Irvine Center Drive, Irvine, California 92618. (D2 at ¶4). Defendants further admit that the Plaintiffs were employees of the Defendants and that they worked at the Facility. (D2 at ¶7). Defendants also admit that they employed 100 or more employees, exclusive of part-time employees, during the relevant period and that it terminated the named Plaintiffs on March 19, 2007 without providing them advance notice of their terminations. (D2 at ¶¶34, 12 and 11). Finally, Defendants admit that at least 50 employees and more than 33% of all full-time

employees were, collectively, discharged from its "various Irvine offices on March 19, 2007". (D2 at ¶39). However, Defendants deny that plaintiffs are entitled to any relief and asserted five affirmative defenses, each of the defenses, if available, would apply to plaintiffs and all the putative class members, including the unforeseeable business circumstances defense. (D2, ¶¶ 13, 51).

**The Proposed Class**

10. The proposed Class consists of the Plaintiffs and the hundreds of other former employees of the Defendants who were terminated without cause during the period from March 19, 2007 and thereafter, as part of or as the reasonably expected consequence of the mass layoff at the Facility on March 19, 2007, and who do not file a timely request to opt-out of the class. The proposed Class definition is as follows:

> Former employees of Defendants People's Choice Financial Corporation and People's Choice Home Loan, Inc. who were terminated without cause from their employment at Defendants' facility comprised of operations located at 7505, 7515, 7525, and 7545 Irvine Center Drive, Irvine, California 92618 (the "Facility) during the period from March 19, 2007, or thereafter as part of, or as the reasonably expected consequence of, the mass layoff or plant closing, as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. (the "WARN Act"), at the Defendants' Facility, who do not file a timely request to opt-out of the class.

11. As is more fully discussed in the accompanying Motion, the proposed Class satisfies all the requirements of Fed.R.Civ. P. 23(a) and 23(b)(3) for class certification: the proposed Class is numerous; questions of law and fact are common to all members of the Class; the Plaintiffs' claims are typical of the claims of the Class; the Plaintiffs will fairly and adequately protect the interests of the Class; the questions of law and fact common to the Class